IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN DAVID LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  1:15cv107-WKW |
| ) | (WO) |
| GENEVA COUNTY STATE OF ) | |
| ALABAMA DEPARTMENT OF ) | |
| HUMAN RESOURCES and ) | |
| CINDY SHELLHOUSE, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis* (doc. # 2), it is

ORDERED that the motion (doc. # 2) be and is hereby GRANTED.

In this 42 U.S.C. § 1983 action, the *pro se* plaintiff complains that defendant Shellhouse denied him due process during an administrative review.  The plaintiff's complaint fails to identify with any coherency the nature of his claims.  Rather than interpret what the plaintiff states in his complaint, the court will quote it.

> On 09/10/2012 Cindy Shellhouse gave Justin David Lee a disposition letter to sign if I wanted a (sic) administrative review because she was closing case number 25274.  I signed that I did want the administrative review and I never recieved (sic) one.
>
> + They failed due process by not giving me the administrative record review.
>
> I, Justin David Lee, wrote a letter to Cindy Shellhouse on 09/11/2012 requesting the administrative review on case # 25274 and I have still yet to recieve (sic) it.

> Cindy Shellhouse closed case #25274 without ever sending me the administrative record review I requested.

(Doc. # 1, Compl. at 2-3). The plaintiff names as defendants Geneva County State of Alabama Department of Human Resources and Cindy Shellhouse. Upon review of the complaint, the court concludes that dismissal of this case is proper under 28 U.S.C. § 1915(e)(2)(B).

The law is clear that, in section 1983 actions, Alabama's two-year personal injury statute of limitations is applicable. *See Owens v. Okure*, 488 U.S. 235 (1989); *see also Jones v. Preuit & Mauldin*, 876 F.2d 1480 (11th Cir. 1989); *Dukes v. Smitherman*, 32 F.3d 535 (11th Cir. 1994). The plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1), the court shall dismiss a case if the court determines that an action is frivolous or fails to state a claim upon which relief may be granted. In this circuit, claims barred by the statute of limitations may be dismissed under § 1915. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990). This is a paradigm of a case that should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The plaintiff's claims are barred by the statute of limitations.[1] This lawsuit was filed on February 10, 2015. The actions about which the plaintiff complains occurred in September 2012. The plaintiff's claims arose more than two years before the date he filed this complaint, and thus,

---

[1] Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark,* 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n. 2.

his claims are barred by the statute of limitations.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED, pursuant to 28 U.S.C. § 1915(d) and (e)(2)(i). It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 6, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of February, 2015.

          /s/Charles S. Coody
    CHARLES S. COODY
    UNITED STATES MAGISTRATE JUDGE